IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

HARD CANDY, LLC,
a Florida limited liability
company,

           Plaintiff,

v.                                JURY DEMAND

HARD CANDY FITNESS, LLC,
a Delaware company, NEW
EVOLUTION VENTURES, LLC,
a Delaware company

           Defendants.
_____/

**COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT;
(2) FEDERAL UNFAIR COMPETITION; (3) FEDERAL DILUTION;
(4) COMMON LAW TRADEMARK INFRINGEMENT; (5) COMMON LAW UNFAIR
COMPETITION; (6) DECLARATORY JUDGMENT; AND
(7) CANCELLATION OF DEFENDANTS' REGISTRATION FOR
FRAUD, NON-USE AND INFRINGMENT**

        Plaintiff, HARD CANDY, LLC ("Plaintiff" or "Hard Candy, LLC"), by its undersigned

attorneys, sues Defendants, HARD CANDY FITNESS, LLC, a Delaware limited liability

company, and NEW EVOLUTION VENTURES, LLC, a Delaware limited liability company,

(collectively "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

        1.     Hard Candy, LLC is a corporation organized and existing under the laws of the

State of Florida and has its principal place of business in Hollywood, Florida.

        2.     Hard Candy Fitness, LLC, on information and belief, is a Delaware limited

liability company with its principal place of business in California, which upon information and

belief conducts significant business in this district by selling its products and/or services in this district via the Internet and/or in traditional brick and mortar locations.

3.      New Evolution Ventures, LLC, on information and belief, is a Delaware limited liability company with its principal place of business in California, which upon information and belief conducts significant business in this district by selling its products and/or services in this district via the Internet and/or in traditional brick and mortar locations.

4.      This is a civil action for federal and common law trademark infringement, federal and common law unfair competition, dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127, declaratory judgment, and cancellation of Defendants' U.S. trademarks.

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark and unfair competition).

6.      This Court has personal jurisdiction under Florida's long-arm statute, as Defendants' tortious conduct is intentionally and purposefully directed at Plaintiff, a resident of this judicial district, and upon information and belief, through Defendants' sale of its infringing material through the Internet and through traditional brick and mortar stores in this district.

7.       Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (c)(2) in that Hard Candy, LLC's controversy arises in this District, where Plaintiff Hard Candy, LLC resides, where *inter alia* Defendants' infringing actions have occurred, and where each of the Defendants conducts business.

2

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

## GENERAL ALLEGATIONS

**Plaintiff's use of the _Hard Candy_ trademark**

8.      Hard Candy, LLC is a company in the business of manufacturing goods in the fashion and beauty industry primarily for teenage girls and young female adults, including but not limited to cosmetics, fragrances, apparel, and eyeglasses, under the federally registered trademark of _Hard Candy_.  Hard Candy, LLC's products are currently sold in the United States through Wal-Mart retail stores, and on Wal-Mart's website, www.walmart.com.  Hard Candy, LLC maintains an internet website at www.hardcandy.com where _Hard Candy's_ products are displayed with a link to Wal-Mart's website for customers interested in purchasing them.

9.      Cosmetics and fragrances were the initial products Plaintiff marketed under the _Hard Candy_ marks.  Hard Candy, LLC's predecessor founded the company in 1995 when it created and marketed a _Hard Candy_ nail polish.  At that time, Plaintiff's predecessor filed a U.S. trademark application for that product, which matured into Federal Trademark Registration No. 1987262, issued July 16, 1996.  The next year, Plaintiff's predecessor filed another application under the name _Hard Candy_ for cosmetics, including lipstick, lipliner, mascara, etc., which matured into Federal Trademark Registration No. 2150397.  Plaintiff owns these Registrations and marks, and they are still valid and effective today.

10.      Since then, Hard Candy, LLC and its predecessors have adopted and continuously used in interstate commerce the _Hard Candy_ trademark or, in certain instances, HC.

11.      Under Plaintiff's control, the Hard Candy brand and marks have flourished and expanded.  In fact, since 1995, Hard Candy, LLC has filed at least 32 trademark applications with the U.S. Patent and Trademark Office ("PTO") for the following non-exclusive list of

C<small>OFFEY</small> B<small>URLINGTON</small>

O<small>FFICE</small> I<small>N</small> T<small>HE</small> G<small>ROVE</small>, P<small>ENTHOUSE</small>   2699 S<small>OUTH</small> B<small>AYSHORE</small> D<small>RIVE</small>   M<small>IAMI</small>, F<small>LORIDA</small> 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

goods: apparel, cosmetics, online retail store featuring clothing apparel and fashion accessories, toilet water, nail polish, hair care products, perfume, cologne, essential oils, eyeglasses, and more. Hard Candy, LLC's federal trademarks include Registration Nos. 3695602, 1987262, 2150397, 2666792, 2666793, 2059480, 2666793, 2343732, 3695602, 4218371, 4143693, 4106697, 2552029, 2567186, 2362340, 2819833, 4247789, 4129013, 4128991 (Hard Candy, LLC's federal and common law trademarks shall be referred to collectively as "*Hard Candy* Marks").

12. In addition, Plaintiff's predecessor created a Hard Candy internet domain name as early as July 6, 1997 at "http://www.hardcandy.com". Plaintiff has used this domain name consistently since that time and through the present to sell and advertise Hard Candy products. See, Registration no. 4247789 (filed March 4, 2010).

13. Moreover, on July 26, 2010, Hard Candy, LLC filed an intent-to-use trademark application with the PTO for the word mark *Hard Candy* and design of a pink heart with a white banner hanging across the middle which features the mark *Hard Candy*, for use in International Class 25, clothing. Serial No. 85093032.

14. On August 16, 2013, Plaintiff filed a Request to Divide Application and Statement of Use with the PTO, as certain sub-categories of the application ("underwear, t-shirts, pullovers, tops, bottoms, shorts") were being used in commerce, while others ("headwear, footwear, beachwear, infant wear, [etc.]") had not yet been used in commerce.

15. On September 25, 2013, the PTO issued an Office Action dividing the 85093032 application into a "parent (original) application," which retained the original serial number, and a "child application, serial no. 85980194."

16.     Plaintiff's *Hard Candy* Marks are incontestable pursuant to 15 U.S.C. § 1115. In any event, Plaintiff's trademarks are fanciful marks or at least suggestive marks, and as such are inherently distinctive.  Alternatively, there is no question that Hard Candy, LLC's trademarks have acquired a secondary meaning from its continuous use of the trademarks in interstate commerce, and the public's association of the *Hard Candy* name with its business.

17.     In early 2009, Plaintiff decided to license its trademarks for various product lines in closely-related fashion and accessory categories, including but not limited to clothing, leather goods, watches, eyeglasses, and bedding.  Therefore, at that time, Plaintiff filed several "intent to use" trademark applications for the aforementioned products with the PTO.

18.     On or about August 2009, Plaintiff began selling its products through Wal-Mart Stores across the United States, both at Wal-Mart's retail locations and on Wal-Mart's website, www.walmart.com.

19.     *Hard Candy* was an immediate success at Wal-Mart, and Wal-Mart asked Plaintiff to expand its *Hard Candy* product line to include a full line of fashion-related products under the *Hard Candy* Marks to trade off of the goodwill and fame that the *Hard Candy* name has acquired in the industry and across industries.

20.     Accordingly, Plaintiff has planned and is in the midst of implementing an extensive launch of *Hard Candy* products at Wal-Mart, including clothing, apparel, furniture, bedding, and more.  In fact, Plaintiff has already launched a nationwide line of *Hard Candy* apparel, intimates, eyeglasses, cosmetics, fragrances and more through Wal-Mart.

21.     The new product line being launched is entirely within the reasonable zone of expansion from Plaintiff's prior use of the *Hard Candy* Marks.

C*OFFEY* B*URLINGTON*

O*FFICE* I*N* T*HE* G*ROVE*, P*ENTHOUSE*   2699 S*OUTH* B*AYSHORE* D*RIVE*   M*IAMI*, F*LORIDA* 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

22.     Through continuous and exclusive use in commerce, and as a result of extensive marketing, promotion, advertising and sales activity, Plaintiff's distinctive *Hard Candy* Marks have achieved widespread renown and recognition by the general public and have become famous marks – prior to Defendants' efforts to register and/or use the *Hard Candy* Marks.

**Defendants' Infringing Use of the *Hard Candy* Marks.**

*Hard Candy Fitness*

23.     According to publicly available documents, Defendant New Evolution Ventures, LLC filed an intent-to-use application (Serial no. 77609312) with the PTO on November 6, 2008 for the use of the mark *Hard Candy Fitness* for "Health club services, namely providing instruction and equipment in the field of physical exercise for health and physical fitness purposes; instruction in the field of health and physical fitness."

24.     On July 26, 2010, the PTO issued a Notice of Abandonment to Defendant New Evolution Ventures, LLC.

25.     The application was "revived" on February 1, 2011, as indicated by the Notice of Revival filed by the PTO on the same date.

26.     On September 28, 2011, Defendant New Evolution Ventures, LLC filed a Statement of Use with the PTO where it declared under penalty of perjury that: "The mark is in use in commerce on or in connection with all goods or services listed in the application or Notice of Allowance or as subsequently modified for this specific class. [And,] [t]he mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 11/30/2010, and first used in commerce at least as early as 06/30/2011, and is now in use in such commerce."

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

27.     The purportedly supporting specimen provided by Defendant New Evolution Ventures, LLC to the PTO consisted of print outs from the www.hardcandyfitness.com website, allegedly dated September 27, 2011, which shows only that it has opened a fitness center in Mexico City, Mexico.   Deceivingly, however, the website menu shows "Club Locations" to include "USA." A true and correct copy of the Statement of Use and attachments thereto are attached hereto as Exhibit 1.

28.     At the time the Statement of Use was filed, Defendants had not opened any "Hard Candy" branded fitness centers in the United States of America. In fact, no such fitness center exists in the United States today.

29.     Upon information and belief, Defendants have opened "Hard Candy" branded fitness centers in countries outside the United States, such as Russia, Mexico, Brazil, Germany, Italy and Australia, and have announced their intent to open centers in the United States.

### HC HardCandy Fitness

30.     According to publicly available documents, Defendant New Evolution Ventures, LLC filed an intent-to-use application (Serial no. 85145683) with the PTO on October 5, 2010 for the use of the mark *HC HardCandy Fitness* for "Health club services, namely providing instruction and equipment in the field of physical exercise for health and physical fitness purposes; instruction in the field of health and physical fitness."

31.     On October 12, 2011, Defendant New Evolution Ventures, LLC filed a Statement of Use with the PTO where it declared under penalty of perjury that it is "using the mark in commerce on or in connection with all goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce."   New Evolution Ventures, LLC also declared that its first use in commerce of this mark was June 30, 2011.

7

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

32.     The purportedly supporting specimen provided by Defendant New Evolution Ventures, LLC to the PTO consisted of print outs from the www.hardcandyfitness.com website, allegedly dated September 27, 2011, which shows only that it has opened a fitness center in Mexico City, Mexico.   Deceivingly, however, the website menu shows "Club Locations" to include "USA." A true and correct copy of the Statement of Use and attachments thereto are attached hereto as Exhibit 2.

33.     At the time the Statement of Use was filed, Defendants had not opened any "HC HardCandy Fitness" branded fitness centers in the United States of America. In fact, no such fitness center exists in the United States today.

34.      Presumably in reliance upon these statements and the specimen provided, the PTO issued a registration for Serial no. 85145683 on January 3, 2012 to Defendant New Evolution Ventures, LLC, Registration no. 4081085.  A true and correct copy of Registration no. 4081085for *HC HardCandy Fitness* is attached hereto as Exhibit 3.

35.     On January 6, 2012, Defendant New Evolution Ventures, LLC recorded its assignment of rights to Registration no. 4081085 *inter alia*, to Defendant Hard Candy Fitness, LLC.  A true and correct copy of the recorded assignment is attached hereto as Exhibit 4.

36.     The assignment predated the issuance of the Registration by almost 3 months.

Hard Candy Fitness Presents "*Addicted to Sweat*"

37.     On July 17, 2012, Defendant Hard Candy Fitness, LLC filed two trademark applications with the PTO for the mark *Addicted to Sweat*, Serial nos. 85679418 and 85679482.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F: 305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

38.     In in its Serial number 85679418 application, Hard Candy Fitness, LLC sought protection for the mark *Addicted to Sweat* under international class 41 for health club services, namely providing instruction in the field of physical exercise.

39.     The application states that the mark was first used in commerce beginning January 15, 2011.

40.     In support of its 85679418 application, Hard Candy Fitness, LLC submitted a specimen to the PTO which consisted of an undated screenshot of a Hard Candy Fitness website (URL unidentified) which purports to be advertising a fitness class titled "Addicted to Sweat: Cardio Dance Hard Candy Fitness Group Training." A true and correct copy of the PTO application for Serial no. 85679418 and supporting specimen are attached hereto as composite Exhibit 5.

41.     This application matured into a registered mark (Registration no. 4301016) on March 12, 2013.  A true and correct copy of the trademark registration certificate is attached hereto as Exhibit 6.

42.     Upon information and belief, Hard Candy Fitness, LLC was not using the *Addicted to Sweat* mark to provide "instruction in the field of physical exercise" in commerce on January 15, 2011,

43.     In fact, upon information and belief, Hard Candy Fitness has never used the *Addicted to Sweat* mark for "providing instruction in the field of physical exercise."

44.     In its Serial number 85679482 application, Hard Candy Fitness, LLC sought protection for the mark *Addicted to Sweat* under international class 09 for "DVDs featuring fitness instruction programs."

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

45.     On March 20, 2013, Hard Candy Fitness, LLC filed a Statement of Use wherein it declared to the PTO that the first time it used the *Addicted to Sweat* mark in commerce as a DVD featuring fitness instruction programs was September 5, 2012.

46.     In support of its Statement of Use Hard Candy Fitness, LLC submitted images of DVD covers, all of which state on the top-middle of the DVD cover "Hard Candy Fitness Presents Addicted to Sweat."   A true and correct copy of the Statement of Use is attached hereto as Exhibit 7.

47.     On June 4, 2013, Hard Candy Fitness, LLC's application (Serial no. 85679482) matured into a registration (Reg. no. 4348086).   A true and correct copy of the Registration Certificate is attached hereto as Exhibit 8.

48.     Defendants are currently selling their *Addicted to Sweat* DVD across the United States of America via the Internet and in brick and mortar stores.

49.     By way of example, according to the retailer's website, the DVDs are available at the time of the drafting of this Complaint for purchase at Target stores in this district, including but not limited to: Dadeland, Hialeah, Hollywood and Miramar.

50.     The DVDs are also available on various websites on the Internet, including but not limited to Amazon.com and www.addictedtosweatdvd.com.

*Hard Candy Fitness * - Apparel

51.      According to publicly available documents, Defendant Hard Candy Fitness, LLC filed an intent-to-use application (Serial no. 85205355) with the PTO on December 23, 2010 for the use of the mark *Hard Candy Fitness* for "Athletic apparel, namely yoga pants, sweatpants, sweatshirts, exercise shorts, exercise pants, tank tops, tights, T-shirts, jerseys, socks, exercise jackets and athletic footwear."

C OFFEY  B URLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

52.     On March 28, 2011, the PTO issued an Office Action stating that various prior-filed applications, including for Hard Candy for clothing, prevented the issuance of Hard Candy Fitness, LLC's trademark application. A true and correct copy of the Office Action is attached hereto as Exhibit 9.

53.      Despite Hard Candy Fitness, LLC's filing a response in opposition to the Office Action, on October 24, 2011 the PTO issued a Suspension Notice.  A true and correct copy of the Suspension Notice is attached hereto as Exhibit 10.

54.     Still, Defendants have begun to promote Hard Candy Fitness apparel through various means, including the Internet.

55.     Defendants' actions have caused and will cause Hard Candy, LLC irreparable harm for which money damages and other legal remedies are inadequate.  Unless Defendants are restrained by this Court, Defendants will continue and/or expand the improper activities alleged in this Complaint and otherwise continue to cause great and irreparable harm and injury to Hard Candy, LLC, through, *inter alia*:

a.      Depriving Hard Candy, LLC of its statutory rights to use and control use of its exclusive *Hard Candy* Marks;

b.      Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source, sponsorship or affiliation of the infringing services;

c.      Causing the public falsely to associate the Plaintiff and Defendants respective but essentially identical *Hard Candy* Marks;

d.      Causing incalculable and irreparable damage to Hard Candy, LLC's goodwill and dilution of the value of its trademarks.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

56.     Accordingly, in addition to other relief sought, Hard Candy, LLC is entitled to preliminary and permanent injunctive relief against Defendant and against all persons acting in concert with it.

**Defendant Hard Candy Fitness, LLC Files Petition to Cancel**

57.     On or about September 3, 2013 Defendant Hard Candy Fitness, LLC filed a Petition for Cancellation of one of Plaintiff Hard Candy, LLC's trademarks with the PTO, Registration no. 2819833.  A true and correct copy of the Petition for Cancellation, Proceeding no. 92057879 is attached hereto as Exhibit 11.

58.     The *Hard Candy* trademark for Registration no. 2819833 was acquired by Hard Candy, LLC via assignment from an individual Scott Tuscani as a result of a settlement of a trademark infringement action and Petition for Cancellation which had been filed by Hard Candy, LLC.

59.     Hard Candy Fitness, LLC alleges in its Petition that there were certain deficiencies with the Tuscani registration, and therefore the assignment of that registration to Plaintiff should be held to be void and the registration should be canceled.  That allegation is unfounded, and in any event, entirely ignores Hard Candy's established rights to those marks from its own prior use and its rights pursuant to the *Hard Candy* Marks, as detailed above.

**COUNT I.     FEDERAL TRADEMARK INFRINGEMENT**
(15 U.S.C. §§ 1114 – 1117; Lanham Act § 32)

60.     Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.     Without Hard Candy, LLC's consent, Defendants have used the mark *Hard Candy*, to promote its fitness DVDs, including by placing the mark on clothing and

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

promotional material, which infringes on the *Hard Candy* Marks previously registered and brought to the marketplace by Hard Candy, LLC.

62.     Defendants' infringing marks, *Hard Candy Fitness* and *HC HardCandy Fitness*, are essentially identical to Plaintiff's *Hard Candy* Marks.  The addition of the generic elements "Fitness" does not change the fact that the dominant part of the marks is identical:   *Hard Candy*.

63.     Defendants' infringing marks are likely to cause confusion, mistake, or deception as to its source, affiliation, origin connection, association, or sponsorship.

64.     Further, Defendants' activities are likely to lead the buying public to conclude, incorrectly, that they originate with, are authorized by, or are associated with Plaintiff's *Hard Candy* brand, which Plaintiff has been building since 1995.

65.     As a result of its wrongful conduct, Defendants are liable to Hard Candy, LLC for trademark infringement under 15 U.S.C. § 1114(1).  Hard Candy, LLC has suffered, and will continue to suffer monetary damages, which it is entitled to recover under 15 U.S.C. § 1117(a), including any and all profits Defendants have made as a result of its wrongful conduct, as minimal as they may be.

66.     Hard Candy, LLC is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), as Hard Candy, LLC has no adequate remedy at law.

67.     Hard Candy, LLC is further entitled to recover its attorneys' fees and costs under 15 U.S.C. § 1117.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as further set forth in the Prayer for Relief below.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

## COUNT II.    FEDERAL UNFAIR COMPETITION
(False Designation of Origin and False Description)
(15 U.S.C. § 1125(a); Lanham Act § 43(a))

68.    Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 - 59, inclusive, as though fully set forth herein.

69.    Because Hard Candy, LLC advertises, markets, distributes and licenses its products under the *Hard Candy* Marks, those Marks are the means by which Hard Candy, LLC's products are distinguished from those of others in the same or related fields.

70.    Defendants' conduct constitutes the improper use of the same term – *Hard Candy* – to describe its infringing goods and/or services.  Plaintiff has spent substantial sums in promotion and has generated substantial revenues in association with its products provided under the *Hard Candy* Marks.  The distinctive *Hard Candy* Marks have become impressed upon the minds of the trade and public as identifying Plaintiff's fashion and beauty industry-related products, and as indicating the source of origin of such services provided in association with the *Hard Candy* Marks as emanating from Plaintiff.  Plaintiff has built-up a large and valuable business in the use of the *Hard Candy* Marks, and the reputation and goodwill in the marks is of great value to Plaintiff.

71.    As described above, Defendants are using and have used, marketed and offered for sale its goods and/or services through the use of the *Hard Candy* Marks with the purpose of misleading, deceiving or confusing customers and the public as to the affiliation, sponsorship, and/or origin of its services and is trading upon Hard Candy, LLC's goodwill and reputation. Defendants' conduct as described herein also constitutes an attempt to trade on the goodwill that Plaintiff has developed in the *Hard Candy* Marks, all to the damage of Plaintiff.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

72.     Defendants' conduct, described herein, is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing services to the detriment of Hard Candy, LLC and in violation of 15 U.S.C. § 1125(a)(1).

73.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

WHEREFORE, Plaintiff seeks temporary and permanent injunctive relief, damages and treble damages in an amount to be proven at trial, attorneys' fees and costs, disgorgement of any and all gains, profits and advantages derived from Defendants' unlawful activities, and such other relief as the Court deems just and proper, as further set forth in the Prayer for Relief below.

## COUNT III.   FEDERAL DILUTION
(15 U.S.C. § 1125(c); Lanham Act § 43(a))

74.     Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

75.     The *Hard Candy* Marks are distinctive and famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("Dilution Act").

76.     Defendants' activities as alleged herein constitute dilution of the distinctive quality of the *Hard Candy* Marks in violation of the Dilution Act.

77.     Hard Candy, LLC is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

78.     Defendants have used, advertised, marketed and offered for sale their goods and/or services using the *Hard Candy* name with the purposes of misleading, deceiving or

15
COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F: 305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

confusing customers and the public as to the affiliation, sponsorship, and/or origin of its services and is trading upon Hard Candy, LLC's goodwill and reputation.

79.     Because Defendants willfully intended to tread on Hard Candy, LLC's reputation or to cause dilution of the *Hard Candy* Marks, Hard Candy, LLC is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as further set forth in the Prayer for Relief below.

## COUNT IV. COMMON LAW TRADEMARK INFRINGEMENT

80.     Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

81.     Through its use of the mark *Hard Candy* since 1995 to present, Plaintiff has established common law trademark rights in the mark.

82.      As detailed above, Plaintiff has used the mark in commerce in fashion, apparel, athletic apparel, eyeglasses, online retail, and more.

83.     Without Plaintiff Hard Candy, LLC's consent, Defendants have used the mark *Hard Candy*, to promote its fitness DVDs, including by placing the mark on clothing and promotional material, which infringes on the *Hard Candy* Marks previously brought to the marketplace by Hard Candy, LLC.

84.     Defendants' infringing marks, *Hard Candy Fitness* and *HC HardCandy Fitness*, are essentially identical to Plaintiff's *Hard Candy* Marks.  The addition of the generic elements "Fitness" does not change the fact that the dominant part of the marks is identical:  *Hard Candy*.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T:  305.858.2900     F:  305.858.5261
Email:  info@coffeyburlington.com     www.coffeyburlington.com

85.     Defendants' use of its infringing marks are likely to cause confusion, mistake, or deception as to its source, affiliation, origin connection, association, or sponsorship.

86.     Further, Defendants activities are likely to lead the buying public to conclude, incorrectly, that they originate with, are authorized by, or are associated with Plaintiff's *Hard Candy* brand, which Plaintiff has been building since 1995.

87.     As a result of its wrongful conduct, Defendants are liable to Hard Candy, LLC for common law trademark infringement.  Hard Candy, LLC has suffered, and will continue to suffer monetary damages, which it is entitled to recover under common law, including any and all profits Defendants have made as a result of its wrongful conduct.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as further set forth in the Prayer for Relief below.

## COUNT V. COMMON LAW UNFAIR COMPETITION

88.     Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

89.     Because Hard Candy, LLC advertises, markets, distributes and licenses its products under the *Hard Candy* Marks, those Marks are the means by which Hard Candy, LLC's products are distinguished from those of others in the same or related fields.

90.     Defendants' conduct constitutes the improper use of the same term – *Hard Candy* – to describe its infringing goods and/or services.  Plaintiff has spent substantial sums in promotion and has generated substantial revenues in association with its products provided under the *Hard Candy* Marks.  The distinctive *Hard Candy* Marks have become impressed upon the minds of the trade and public as identifying Plaintiff's fashion and beauty industry-related products, and as indicating the source of origin of such services provided in association

with the *Hard Candy* Marks as emanating from Plaintiff.  Plaintiff has built-up a large and valuable business in the use of the *Hard Candy* Marks, and the reputation and goodwill in the marks is of great value to Plaintiff.

91.     As described above, Defendants are using and have used, marketed and offered for sale its goods and/or services through the use of the *Hard Candy* Marks with the purpose of misleading, deceiving or confusing customers and the public as to the affiliation, sponsorship, and/or origin of its services and is trading upon Hard Candy, LLC's goodwill and reputation. Defendants' conduct as described herein also constitutes an attempt to trade on the goodwill that Plaintiff has developed in the *Hard Candy* Marks, all to the damage of Plaintiff.

92.     Defendants' conduct, described herein, is likely to cause confusion, mistake or deception by or in the public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing services to the detriment of Hard Candy, LLC and in violation of the common law of unfair competition.

93.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

WHEREFORE, Plaintiff seeks temporary and permanent injunctive relief, damages and treble damages in an amount to be proven at trial, attorneys' fees and costs, disgorgement of any and all gains, profits and advantages derived from Defendants' unlawful activities, and such other relief as the Court deems just and proper, as further set forth in the Prayer for Relief below.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com

## COUNT VI. DECLARATORY JUDGMENT:
## <u>PLAINTIFF'S REGISTRATION SHOULD NOT BE CANCELLED</u>

94.     Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

95.     An actual and justiciable controversy currently exists between Plaintiff and Defendants with respect to Plaintiff's trademark registration no. 2819833 for the mark *Hard Candy*, covering in International Class 25 clothing.

96.     On or about September 3, 2013 Defendant Hard Candy Fitness, LLC filed a Petition for Cancellation of one of Plaintiff Hard Candy, LLC's trademarks with the PTO, Registration no. 2819833.  *See* Exhibit 11 hereto.

97.     The *Hard Candy* trademark for Registration no. 2819833 was acquired by Hard Candy, LLC via assignment from an individual Scott Tuscani as a result of a settlement of a trademark infringement action and Petition for Cancellation which had been filed by Hard Candy, LLC.

98.     Defendant Hard Candy Fitness, LLC alleges in its Petition for Cancellation that there were certain deficiencies with the Tuscani registration, and therefore the assignment of that registration to Plaintiff should be held to be void and the registration should be canceled.

99.     Contrary to Hard Candy Fitness, LLC's contention, the Tuscani registration, and the assignments thereof are valid and enforceable.

100.    Thus, pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiff seeks a judicial determination that Registration no. 2819833 should not be cancelled.  A judicial determination is necessary at this time so the parties' dispute may be resolved and that the parties may be aware of their respective rights and duties.

C<small>OFFEY</small> B<small>URLINGTON</small>

O<small>FFICE</small> I<small>N</small> T<small>HE</small> G<small>ROVE</small>, P<small>ENTHOUSE</small>   2699 S<small>OUTH</small> B<small>AYSHORE</small> D<small>RIVE</small>   M<small>IAMI</small>, F<small>LORIDA</small> 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

WHEREFORE, Plaintiff Hard Candy, LLC, hereby seeks a declaration, pursuant to 28 U.S.C. §§ 2201, 2202, that Plaintiff's Registration no. 2819833 should not be cancelled, and such other relief as the Court deems just and proper, as further set forth in the Prayer for Relief below.

## COUNT VII. DECLARATORY JUDGMENT: INFRINGEMENT

101.    Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

102.    An actual and justiciable controversy currently exists between Plaintiff and Defendants with respect to Defendants' use of the marks *Hard Candy Fitness* and *HC HardCandy Fitness* with respect to fitness centers in the United States.

103.    As discussed herein, Defendants have obtained a registration from the PTO for the mark *HC Hard Candy Fitness* for "Health club services, namely providing instruction and equipment in the field of physical exercise for health and physical fitness purposes; instruction in the field of health and physical fitness."

104.    Additionally Defendants have filed a Statement of Use for the mark *Hard Candy Fitness* in the area of "Health club services, namely providing instruction and equipment in the field of physical exercise for health and physical fitness purposes; instruction in the field of health and physical fitness."

105.    Defendants' marks *Hard Candy Fitness* and *HC HardCandy Fitness* are essentially identical to Plaintiff's *Hard Candy* Marks.  The addition of the generic elements "Fitness" does not change the fact that the dominant part of the marks is identical:  *Hard Candy*.

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

106.    Use of these infringing marks by Defendants with respect to fitness centers in the United States by Defendants is likely to cause confusion, mistake, or deception as to their source, affiliation, origin connection, association, or sponsorship.

107.    Further, Defendants intended advertising, press campaign, and use of the infringing mark with respect to fitness centers in the United States is likely to lead the buying public to conclude, incorrectly, that the fitness centers originate with, are authorized by, or are associated with Plaintiff's *Hard Candy* brand, which Plaintiff has been building since 1995.

108.    As detailed above, Plaintiff has various *Hard Candy* Marks registered with the PTO and has used the *Hard Candy* Marks in commerce in fashion, apparel, athletic apparel, eyeglasses, online retail, and more.   The *Hard Candy* branded goods are related and complimentary to the services provided by fitness centers.   As such, fitness centers are within the reasonable zone of expansion and it is likely that Plaintiff will bridge the gap into the market of fitness centers.   This is evidenced by the fact that Defendants seek to bridge the gap between fitness centers and apparel.

109.    Accordingly, Defendants' intended use of the marks *Hard Candy Fitness* and *HC HardCandy Fitness* with respect to fitness centers in the United Stated constitutes trademark infringement.

110.    Thus, pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiff seeks a judicial determination that Defendants intended use of the mark *Hard Candy Fitness* and *HC Hard Candy Fitness* in relation to fitness centers in the United States infringes on Plaintiff's *Hard Candy* Marks.   A judicial determination is necessary at this time so the parties' dispute may be resolved and that the parties may be aware of their respective rights and duties.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

WHEREFORE, Plaintiff Hard Candy, LLC, hereby seeks a declaration, pursuant to 28 U.S.C. §§ 2201, 2202, that Defendants' use of the marks *Hard Candy Fitness* and *HC HardCandy Fitness* constitute trademark infringement, and such other relief as the Court deems just and proper, as further set forth in the Prayer for Relief below.

### COUNT VIII. CANCELLATION OF DEFENDANTS' REGISTRATION FOR FRAUD, NON-USE AND INFRINGMENT

111.    Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 59, inclusive, as though fully set forth herein.

112.    As discussed herein, Plaintiff has used in commerce the *Hard Candy* Marks with respect to goods such as apparel, cosmetics, online retail store featuring clothing apparel and fashion accessories, toilet water, nail polish, hair care products, perfume, cologne, essential oils, eyeglasses, and more since 1995.

113.    According to publicly available documents, Defendant New Evolution Ventures, LLC filed an intent-to-use application (Serial no. 85145683) with the PTO on October 5, 2010 for the use of the mark *HC HardCandy Fitness* for "Health club services, namely providing instruction and equipment in the field of physical exercise for health and physical fitness purposes; instruction in the field of health and physical fitness."

114.    On October 12, 2011, Defendant New Evolution Ventures, LLC filed a Statement of Use with the PTO where it declared under penalty of perjury that it is "using the mark in commerce on or in connection with all goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce."  New Evolution Ventures, LLC also declared that its first use in commerce of this mark was June 30, 2011.

115.    The purportedly supporting specimen provided by Defendant New Evolution Ventures, LLC to the PTO consisted of print outs from the www.hardcandyfitness.com

22
COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

website, allegedly dated September 27, 2011, shows only that it has opened a fitness center in Mexico City, Mexico. Deceivingly, however, the website menu shows "Club Locations" to include "USA." *See* Exhibit 1 hereto.

116. At the time the Statement of Use was filed, Defendants had not opened any "HC HardCandy Fitness" branded fitness centers in the United States of America. In fact, no such fitness center exists in the United States today.

117. Presumably in reliance upon these statements and the specimen provided, the PTO issued a registration for application serial no. 85145683 on January 3, 2012 to Defendant New Evolution Ventures, LLC, Registration no. 4081085. *See* Exhibit 2 hereto.

118. Because Defendant Evolution Ventures, LLC's statements in the Statement of Use were knowingly false, Defendants' mark *HC HardCandy Fitness* (Reg. No. 4081085) was obtained fraudulently and must be canceled.

119. Additionally, Defendants' non-use of the *HC HardCandy Fitness* mark for more than three (3) consecutive years is prima facie evidence of abandonment pursuant to Lanham Act, 15 U.S.C. § 1127 and warrants cancellation of the registration.

120. Moreover, as set forth in Counts I, IV, and VII, Defendants' *HC HardCandy Fitness* mark infringes on Plaintiff's *Hard Candy* marks. Accordingly, the Reg. No. 4081085 should be cancelled.

121. WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as further set forth in the Prayer for Relief below.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## PRAYER FOR RELIEF

122.   WHEREFORE, Hard Candy, LLC prays that this Court grant it the following relief:

A.   A Judgment that Hard Candy, LLC's trademarks have been infringed by Defendants in violation of Hard Candy, LLC's rights under 15 U.S.C. §1114.

B.   A judgment that Defendants have competed unfairly with HARD CANDY, LLC in violation of Hard Candy, LLC's rights under 15 U.S.C. § 1125(a).

C.   A judgment that Defendants' activities are likely to, or have, diluted Hard Candy, LLC's *Hard Candy* Marks in violation of Hard Candy, LLC's rights under 15 U.S.C. § 1125(c).

D.   A judgment that Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with him, be enjoined and restrained from:

1.   Advertising, promoting, selling, offering for sale, or distributing any services or products that use any words or symbols that so resemble the *Hard Candy* Marks – including but not limited to *Hard Candy Fitness, HC HardCandy Fitness*, and *Addicted to Sweat* mark – as to be likely to cause confusion, mistake or deception;

2.   Using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its services Hard Candy, LLC, with the *Hard Candy* Marks, or as to the origin, affiliation or sponsorship

24

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE     2699 SOUTH BAYSHORE DRIVE     MIAMI, FLORIDA 33133
T:  305.858.2900     F: 305.858.5261
Email: info@coffeyburlington.com     www.coffeyburlington.com

of Defendant's services, or any false or misleading description or representation of fact;

3.  Registering any domain name, which includes the *Hard Candy* Marks or which is confusingly similar to the *Hard Candy* Marks;

4.  Further infringing the rights of Hard Candy, LLC in and to any of its trademarks or otherwise damaging Hard Candy, LLC's goodwill or business reputation;

5.  Otherwise competing unfairly with Hard Candy, LLC in any manner; and,

6.  Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

E.  A judgment declaring that Plaintiff's registration no. 4081085 should not be cancelled

F.  A judgment declaring that Defendants' use of the marks *Hard Candy Fitness* and/or *HC HardCandy Fitness* constitutes trademark infringement.

G.  A judgment cancelling Defendants' registration no. 4081085.

H.  A judgment requiring Defendants to transfer the registration of its www.hardcandyfitness.com domain name to Plaintiff.

I.  A judgment requiring Defendants, within thirty (30) days after service of the Judgment demanded herein, to destroy all advertisements and marketing materials containing infringing materials.

J.  A judgment requiring Defendants, within thirty (30) days after service of the Judgment demanded herein, to file with this Court and serve upon Hard Candy,

LLC's counsel a written report under oath setting forth in detail the manner in which Defendants have complied with the Judgment.

K.      A judgment ordering that Defendants hold in trust, as constructive trustee for the benefit of Hard Candy, LLC, its profits obtained from the infringement of Hard Candy, LLC's *Hard Candy* Marks.

L.      A judgment ordering Defendants to provide Hard Candy, LLC with a full and complete accounting of all amounts due and owing to Hard Candy, LLC as a result of Defendants' infringing activities.

M.      A judgment that Hard Candy, LLC recover from Defendants damages in an amount to be proven at trial, including general, special, actual, and statutory damages.  Pursuant to 15 U.S.C. § 1117, the amounts should include Hard Candy, LLC's damages and Defendants' profits, if any, trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2), for Defendants' willful violations of the *Hard Candy* Marks, and damages under common law.

N.      A judgment ordering Defendants to pay Hard Candy, LLC's reasonable attorneys' fees and costs.

O.      A judgment that Defendants be required to pay Hard Candy, LLC punitive damages for Defendants' oppression, fraud, malice and intentional misconduct.

P.      A judgment for all such other relief as this Court deems just and proper.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Gabriel Groisman
Kevin C. Kaplan, Fla. Bar No. 933848
kkaplan@coffeyburlington.com
Gabriel Groisman, Fla. Bar No. 25644
ggroisman@coffeyburlington.com
Erika Handelson, Fla. Bar No. 91133
ehandelson@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax:  305-858-5261
*Attorneys for Plaintiff*

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T:  305.858.2900    F:  305.858.5261
Email:  info@coffeyburlington.com    www.coffeyburlington.com