IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.13-23705-CIV-ALTONAGA/O'SULLIVAN

HARD CANDY, LLC, a Florida limited liability
company,

   Plaintiff,

v.

HARD CANDY FITNESS, LLC, a Delaware company,
NEW EVOLUTION VENTURES, LLC, a Delaware
company,

   Defendants
_____/

HARD CANDY FITNESS, LLC, a Delaware company,

   Defendant/Counter-Plaintiff

v.

HARD CANDY, LLC, a Florida company,
and WAL-MART STORES, INC.

_____/

**PLAINTIFF'S REPLY SUPPORTING
CROSS-REQUEST FOR SANCTIONS**

  Plaintiff, Hard Candy, LLC ("Plaintiff" or "Hard Candy"), by and through undersigned counsel, hereby files this Reply in Support of Plaintiff Hard Candy, LLC's Cross-Request for Sanctions:

**INTRODUCTION**

  Defendants' Combined Response and Opposition to Request re Sanctions ("Response") proves Plaintiff's points. Defendants have filed 26 additional pages of argument, with a declaration from counsel and a 40 page long table, in support of a request for sanctions in the now-reduced

amount of $8,467.00 – the fees purportedly incurred by Madonna's counsel in attending her deposition. The Response makes clear that this is for nothing more than show: for Defendant HCF to prevent "convey[ing] the impression to Ciccone that HCF cannot adequately protect her from Respondents' efforts to harass her." Response at 19. There was no harassment, though; nothing even approximating "harm" occurred or can be articulated by HCF; and the status of the internal relationship between Madonna and HCF is not a legitimate concern of this litigation, and certainly not a basis for wasting extensive resources of the parties and of this Court in pursuing an unfounded motion for sanctions.

Nor can HCF conceivably argue that Plaintiff – or Plaintiff's counsel – is somehow responsible for Defendants' failure to produce highly material emails related to Madonna's involvement in their business until two days before her deposition. The position asserted in Plaintiff's Cross-Request is even clearer now. HCF and its counsel continue to force all involved to incur effort and expense that is utterly disproportionate, demonstrating only HCF's commitment to engaging in vexatious and unreasonable litigation – in blatant disregard of its own misconduct in failing timely to produce highly material emails, which should result in an award of sanctions against it, if sanctions are to be awarded at all.

### DEFENDANTS CANNOT AVOID RESPONSIBILITY FOR THEIR OWN DISCOVERY MISCONDUCT

Defendants do not deny that they withheld production of Madonna's emails until two days before her deposition. Those are the facts. Yet, they deny any responsibility for the consequences of their discovery misconduct. Instead, they seek to blame the Plaintiff, claiming this late production was somehow the result of "**strategic decisions**" "willfully made" by the Plaintiff. Response at 14 (emphasis original). Defendants devote nearly six pages in their Response, arguing that Plaintiff

should have moved more quickly or acted differently at the various stages when Defendants failed to discharge their discovery obligations. *See* Response at 11-16.

Then, Defendants seek to swat away their misconduct, asserting that "[i]n any event, even if Ciccone and Oseary had engaged in discovery misconduct which put Respondents in an untenable position with regard to the Ciccone deposition," they should still be entitled to sanctions. Response at 17. At best for the Defendants, therefore, they ask for a double standard to be applied: overlook their own underlying discovery misconduct and the unreasonableness of their position, and sanction the Plaintiff. The underlying rationale for this, of course, is to ensure that the wrong "impression" is not "conveyed" to Ms. Ciccone.

That rationale, however, is not legally legitimate. That Defendants would continue to request relief on this basis – including the extreme relief of criminal sanctions against Plaintiff and its counsel – demonstrates the impropriety of their motion, and the validity of the Cross-Request for Sanctions against them.

### DEFENDANTS CANNOT IGNORE THE COURT'S FEBRUARY 12, 2015 RULINGS

Notwithstanding their request to exceed the page limits, Defendants' Response entirely ignores the substance of the telephonic hearing with the Magistrate on February 12, 2015, prior to the start of the deposition. The Response claims that, "[s]ome of the results of that hearing are set forth in detail in HCF's Sanctions Request." Response at 9. But, the Response then entirely ignores the substance and impact of the Court's rulings on the scope of the deposition.

That ruling addressed the issues implicated by the newly-produced Madonna emails. And, the rulings were inconsistent with the positions now taken by Defendant HCF. As detailed in the Cross-Request for Sanctions, the Magistrate made clear that he did not have all the Emails in front of him, but emphasized that counsel should be "reasonable" and that Madonna could be questioned

about the E-mails. As the Magistrate stated, "It's not to see how many angels can dance on the head of a pin to be reasonable. . . . if they want to ask about an e-mail, who cares." Transcript, at 17:8-15.

Defendant HCF, however, continues to dance on the head of pin, wasting extraordinary resources in the process. Just as it cannot deny the impact of its own discovery misconduct, it also cannot deny the impact of the Court's rulings. Its motion is unfounded, and its continued pursuit of sanctions under the circumstances is itself sanctionable.

### THE UTTER ABSENCE OF HARM TO HCF – OR ANYONE ELSE – HIGHLIGHTS HOW VEXATIOUS AND UNREASOBNLE THE MOTION IS

The total absence of any harm to HCF – or anyone else, including Madonna – highlights how vexatious and unreasonable the Motion is. Defendant HCF acknowledges there was no harm to Madonna, and that "she obviously has better things to do with her time" than file unfounded motions. Yet, the only amounts HCF seeks to recover – even reduced to $8,467.00 – are the fees incurred by Madonna's independent counsel, not Defendant HCF.

Nor can HCF articulate any tangible harm that occurred to it. The deposition itself, as all parties concede, lasted just two-and-a-half hours, notwithstanding the volume of paper HCF's litigation campaign has spawned since then. The only harm to which HCF points is "the creation of a deposition transcript that might very well be used to embarrass or annoy her in the future." Response at 18. That is no harm at all, however. The transcript is subject to a strict confidentiality order in this case; there is no suggestion whatsoever that this confidentiality has in any way been violated by Plaintiff; and this harm is purely speculative at best.

In short HCF is not an aggrieved party; there is no harm or any other basis warranting the extreme sanctions sought by the Defendant; and at bottom, Defendant's own discovery misconduct is to blame for this situation. The only sanctions that should be assessed at this point are against Defendants for their continuing to pursue this baseless request for sanctions.

4

## CONCLUSION

Here, the discovery delay and misconduct with respect to Madonna by Defendants as well as their continued pursuit of this sanctions request has unreasonably and vexatiously multiplied these proceedings such that sanctions are warranted. That conduct stands in stark contrast to the concise and focused questions asked by Plaintiff's counsel at the two-and-a-half hour deposition of Ms. Ciccone. HCF's improper conduct should not be tolerated. Its motion should be denied, and the cross-request for sanctions should be granted, in an amount to be determined by the Court.

Respectfully submitted,

By: /s/ Kevin C. Kaplan
Kevin C. Kaplan, Fla. Bar No. 933848
kkaplan@coffeyburlington.com
Gabriel Groisman, Fla. Bar No. 25644
ggroisman@coffeyburlington.com
Erika Handelson, Fla. Bar No. 91133
ehandelson@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261

*Attorneys for Plaintiff / Counter-Defendant Hard Candy, LLC – and – Wal-Mart Stores, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

## Service List

| | |
|---|---|
| **Gail A. McQuilkin, Esq.**<br>gam@kttlaw.com<br>**Douglas A. Wolfe, Esq.**<br>daw@kttlaw.com<br>KOZYAK TROPIN &<br>     THROCKMORTON, P.A.<br>2525 Ponce de Leon Boulevard, 9th Floor<br>Miami, Florida  33134<br>Telephone:      (305) 372-1800<br>Direct:              (305) 377-0656<br>Facsimile:       (305) 372-3508<br><br>*Attorneys for Hard Candy Fitness, LLC, New Evolution Ventures, LLC* | **Yano L. Rubinstein, Esq.**<br>   (*admitted pro hac vice*)<br>yano@rublaw.com<br>**Kymberleigh Korpus, Esq.**<br>kkorpus@rublaw.com<br>RUBINSTEIN LAW GROUP, PC<br>660 Fourth Street, #302<br>San Francisco, California  94107<br>Telephone:      (415) 967-1970<br>Facsimile:       (415) 236-6409<br><br>*Attorneys for Hard Candy Fitness, LLC, New Evolution Ventures, LLC* |

                                          /s/  Kevin C. Kaplan
                                          Kevin C. Kaplan